UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Estate of Frederick Rode,

    Plaintiff,

v.                                         Case No. 17-10615

Citizens Insurance Company            Sean F. Cox
of the Midwest,                     United States District Court Judge

    Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This matter comes before the Court on Plaintiff's Motion to Remand this case to the Macomb County Circuit Court. The Court held a hearing in this matter on September 21, 2017. For the reasons below, the Court DENIES Plaintiff's motion.

Plaintiff Estate, a citizen of the State of Michigan, filed the instant motion on June 15, 2017, asserting that the Court no longer has subject matter jurisdiction following the voluntary dismissal of Plaintiff's ERISA claim against now-dismissed Defendant Blue Cross Blue Shield of Michigan. Defendant Citizens Insurance Company of the Midwest opposed Plaintiff's motion, arguing that the Court has diversity jurisdiction because Defendant is not a citizen of Michigan. In its reply, Plaintiff asserted diversity is lacking under 28 U.S.C. § 1332(c)(1)(A) because this case constitutes a direct action against an insurer and Defendant is therefore deemed a citizen of Michigan.

Under 28 U.S.C. § 1332(a)(1) the Court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different States. Corporate citizenship is

1

governed by § 1332(c)(1), which provides:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
>
> (A) every State and foreign state of which the insured is a citizen;
>
> (B) every State and foreign state by which the insurer has been incorporated; and
>
> (C) the State or foreign state where the insurer has its principal place of business;

The party asserting diversity jurisdiction has the burden of persuasion. *Hertz Corp. v. Friend*, 559 U.S. 77, 96; 130 S. Ct. 1181; 175 L.Ed.2d 1029 (2010).

Contrary to Plaintiff's argument, this case does not constitute a "direct action against the insurer of a policy or contract of liability insurance" under § 1332(c)(1). The direct action provision does not apply to suits brought by an insured against his or her own insurer. *Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 908, 910 (6th Cir. 2014). The provision is "designed to address cases in which an insured may be, but is not, joined as a party-defendant . . ." *Id.* at 912, quoting *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 677 n. 18 (2d Cir. 1992). Under Plaintiff's interpretation, "federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." *Lee-Lipstreu v. Chubb Group of Ins. Cos*, 329 F.3d 898, 900 (6th Cir. 2003). Here, § 1332(c)(1)(A) is inapplicable because Plaintiff is suing Defendant insurance company on a policy that provided coverage to Plaintiff's decedent. *See Ljuljdjuraj*, 774 F.3d at 912.

The Court next considers whether diversity is lacking because Defendant is incorporated

2

in Michigan or because Michigan is Defendant's principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center," i.e., "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92-93 (2010). Typically this is where the corporation's headquarters are located. *Id*. at 93. Defendant's Exhibit A (Doc. # 7) indicates that it is incorporated in the State of Indiana. And Defendant's counsel represented at the hearing that Defendant's headquarters, i.e., its "nerve center," is located in the State of Massachusetts. Based on the information before the Court, the Court finds that Defendant is not deemed a citizen of Michigan under § 1332(c)(1) because its State of incorporation and its principal place of business are located outside of the State of Michigan.

For the reasons above, the Court concludes that it has diversity jurisdiction under § 1332(a)(1) and § 1332(c)(1) because there is complete diversity between Plaintiff, a citizen of Michigan, and Defendant, a citizen of Indiana and Massachusetts. Accordingly, the Court DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED.

                                                   s/Sean F. Cox
                                                   Sean F. Cox
                                                   United States District Judge

Dated: September 28, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2017, by electronic and/or ordinary mail.

                                                   s/Jennifer McCoy
                                                   Case Manager